**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mark E. Pettis, Jr.,<br>Plaintiff(s),<br>v.<br>Sitel Operating Corporation,<br>Defendant(s). | Case No. 2:26-cv-03354-CDS-NJK<br>**Order**<br>[Docket No. 2] |

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 2.[1]

The Court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who has shown that he is unable to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the court. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217-218 (1993). In exercising that discretion, the Court evaluates the income and assets to which the plaintiff has access, including those of a spouse. *See, e.g., Flores v. Colvin*, 2014 U.S. Dist. LEXIS 93236, at *3-4 (D. Nev. May 22, 2014). While an applicant need not be totally destitute to qualify for *in forma pauperis* status, he must demonstrate that he cannot pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The application in this case identifies biweekly take home income of $2,068.61, Docket No. 2 at 1, which equates to annual income of roughly $49,600 and is orders of magnitude higher than the federal poverty level for a family of three, *see* https://www.healthcare.gov/glossary/federal-poverty-level-fpl/ (last visited October 15, 2026). That monthly income is also well above the

[1] The Court liberally construes the filings of *pro se* litigants. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

amounts that have led to denial of *in forma pauperis* status, *see, e.g.*, *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying in forma pauperis status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019), and the Court has rejected similar requests, *see Andrea L.M.*, 2024 U.S. Dist. Lexis 117157, at *2. Moreover, while the application identifies substantial debts or financial obligations, the information provided raises questions. For example, Plaintiff does not identify ownership of any automobile, but he identifies a car note of $21,980.29. Docket No. 1 at 2. Plaintiff also fails to provide the Court with the amount he contributes to the support of his dependents (question 7). *Id.* At bottom, a financial picture has not been painted that a family of three with an annual income of $49,600 cannot afford to pay the $405 filing fee.

Accordingly, the Court **DENIES** without prejudice Plaintiff's application to proceed *in forma pauperis*. No later than October 29, 2026, Plaintiff must either pay the filing fee or file a renewed application to proceed *in forma pauperis*. If Plaintiff continues to seek pauper status, he must use the long-form application. The Clerk's Office is **INSTRUCTED** to send Plaintiff the long-form application for non-prisoners.

IT IS SO ORDERED.

Dated: October 15, 2026

Nancy J. Koppe
United States Magistrate Judge